IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLYNNE TILGA and
ADELLA ABEITA,

       Plaintiffs,

v.                                                                                                      CIV No. 14-256 JAP/RHS

UNITED STATES OF AMERICA,
DISMAS CHARITIES, INC., d/b/a
DIERSEN CHARITIES ALBUQUERQUE,
and WILL J. PRATER, in his individual capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Defendant United States asks the Court to vacate the DEFAULT JUDGMENT (Doc. No. 29) entered on July 24, 2014 against Defendant Will J. Prater. MOTION TO VACATE DEFAULT JUDGMENT AGAINST DEFENDANT PRATER (Motion to Vacate) (Doc. No. 41). Defendant Dismas Charities, Inc., d/b/a Diersen Charities Albuquerque, does not oppose the Motion to Vacate. Plaintiffs contend that default judgment was properly entered against Defendant Prater and that the Motion to Vacate should be denied. PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO VACATE DEFAULT JUDGMENT AGAINST DEFENDANT PRATER (Response) (Doc. No. 49). In its Reply, the United States argues that the Court should "reconsider [and vacate] its prior order granting default 'judgment' against Defendant Prater," and stay its decision as to the request for default judgment until the case is decided on the merits as to the remaining Defendants. REPLY IN SUPPORT OF DEFENDANTS' [sic] MOTION TO VACATE DEFAULT JUDGMENT AGAINST DEFENDANT PRATER (Reply) (Doc. No. 52).

1

**Factual Background**

Plaintiffs, Carolynne Tilga and Adella Abeita, were convicted of federal offenses and placed in the custody of the United States Bureau of Prisons (BOP). COMPLAINT FOR DAMAGES FOR PERSONAL INJURY AND CIVIL RIGHTS VIOLATIONS PURSUANT TO THE FEDERAL TORT CLAIMS ACT (FTCA) AND 42 U.S.C. § 1983 (Complaint) at ¶¶ 29, 69. In 2013, the BOP placed both Plaintiffs in Dismas Charities, Inc.'s (Dismas) halfway house in Albuquerque, New Mexico, to complete their periods of detention. *Id.* at ¶¶ 33, 70. Plaintiffs contend that while they were detained at Dismas, Will J. Prater (Prater), a former employee of Dismas, sexually harassed and abused them. *Id.* at ¶¶ 41-62, 77–85. Dismas allegedly terminated Prater's employment after Plaintiffs resided at the halfway house. *Id.* at ¶¶ 11, 64, 65, 89.

The Albuquerque Dismas halfway house opened in March 2005 and is "operated under contract with the United States Bureau of Prisons (BOP) as a Residential Reentry Center for federal prisoners such as plaintiffs." *Id.* at ¶¶ 6-9, 18. *See id.* at ¶ 19 ("A halfway house is a place inmates of BOP are sent by BOP to begin the process or reintegration into society after serving a sentence of incarceration."). Dismas "operates 26 residential re-entry programs and related services" in a number of states, including New Mexico. *Id.* at ¶ 17.

Plaintiffs' Complaint sets forth seven claims against Defendants United States, Dismas, and Prater. Plaintiffs assert that the United States was negligent in the hiring, retention, supervision, and training of Dismas employees in relation to placement of prisoners at the Albuquerque halfway house. Complaint, Counts I, II, and III. Plaintiffs contend, in part, that the United States' negligence in placing them at an unsafe halfway house caused the sexual assaults on Plaintiffs. Complaint at ¶ 117.

Plaintiffs raise Eighth Amendment and Equal Protection claims under 42 U.S.C. § 1983 against Defendants Dismas and Prater (Counts IV and V), a claim of negligent hiring, retention, supervision, and training of Prater against only Dismas (Count VI), and a claim that Dismas is vicariously liable for intentional torts committed by Prater (Count VII).

## Procedural Background

In late March 2014, Plaintiffs served the Complaint on all three Defendants. (Doc. Nos. 6, 8, 9.) In lieu of answering the Complaint, Dismas filed a Motion to Dismiss (Doc. No. 11) seeking dismissal of all claims against it. The Court granted Dismas' Motion to Dismiss in part, with the result that only the claim of negligent hiring, retention, supervision, and training of Prater (Count VI) remains against Dismas. MEMORANDUM OPINION AND ORDER (Doc. No. 24). On July 25, 2014, Dismas filed an Answer to Plaintiffs' Complaint. (Doc. No. 28).

The United States obtained an extension to file a responsive pleading to the Complaint, and then filed a Motion to Dismiss Plaintiffs' Complaint (Doc. No. 37) that the Court recently denied. MEMORANDUM OPINION AND ORDER (Doc. No. 56). Therefore, all three negligence claims (Counts I, II, and III) proceed against the United States.

On March 21, 2014, Plaintiffs served the Complaint on Prater, who was advised that the failure to answer the Complaint by the deadline of April 11, 2014 would result in an entry of default judgment against him. (Doc. No. 8). Prater did not respond or enter an appearance by the deadline.

On May 27, 2014, Plaintiffs filed a Motion for Default Judgment as to Prater. (Doc. No. 19). On May 28, 2014, in accordance with Fed. R. Civ. P. 55(a), the CLERK'S ENTRY OF DEFAULT was entered as to Prater. (Doc. No. 21.) On July 24, 2014, the Court entered DEFAULT JUDGMENT AGAINST WILL J. PRATER AND NOTICE OF HEARING (Default

Judgment) (Doc. No. 29) in accordance with Fed. R. Civ. P. 55(b), having found that Prater had defaulted for failing to appear or otherwise defend the case. The Court set a hearing on August 21, 2014 to determine damages against Prater.

Neither Defendant Dismas nor the United States contested the Court's entry of Default Judgment against Prater. However, when the Default Judgment was entered, the United States had not yet entered an appearance, and Dismas had only recently completed briefing on its Motion to Dismiss. *See* Doc. Nos. 23, 30, 31, 37. Thus, the United States argues that it did not have an opportunity to assert its opposition to Plaintiffs' Motion for Default Judgment before the Court's ruling. Motion to Vacate at 5.

On August 19, 2014, Plaintiffs asked the Court to continue the August 21, 2014 damages hearing against Prater. (Doc. No. 33). Plaintiffs' counsel represented, in part, that she had been in contact with attorney Mike Brennon, who was retained by Dismas' insurance company to represent Prater, and that Mr. Brennon needed more time to get in touch with Prater. To date, no attorney has entered an appearance on behalf of Prater.

The Court re-scheduled the damages hearing for September 25, 2014. ORDER (Doc. No. 34). On September 22, 2014, Dismas filed a motion requesting that it be excused from appearing at the September damages hearing, or in the alternative, requesting that the Court stay the damages hearing. (Doc. No. 40). On September 22, 2014, the United States moved to vacate the September damages hearing. (Doc. No. 42). The Court granted the motion to vacate the September damages hearing and has not yet re-set the hearing. (Doc. No. 40). Because the Court vacated the September hearing, it denied as moot Dismas' motion to excuse it from appearing at the damages hearing. (Doc. No. 46).

4

On September 22, 2014, the United States also filed the Motion to Vacate asking that the Court vacate entry of Default Judgment against Prater. (Doc. No. 41).

## Discussion

**I.     Legal Standard**

There are two stages in entering a default judgment under Rule 55: 1) the Clerk's establishment and entry of default; and 2) the Court's entry of default judgment. Fed. R. Civ. P. 55(a), (b). With respect to Prater's failure to appear or otherwise defend this case, the Clerk properly entered default against him under Rule 55(a). Indeed, once satisfied that a defaulting party failed to plead or otherwise defend the action, the Clerk must enter default. Fed. R. Civ. P. 55(a).

After the Clerk's entry of default and Plaintiffs' application for default judgment, it was also permissible for the Court to enter default judgment against Prater in accordance with Rule 55(b)(2). Although default judgments are disfavored, the Federal Rules of Civil Procedure expressly authorize default judgments under specific circumstances, and the district court's entry of default judgment will be set aside only if the court abused its discretion. *See United States v. $285,350.00 in U.S. Currency,* 547 F. App'x 886, 888 (10th Cir. Dec. 4, 2013) (unpublished).

Rule 55(c) provides that a court may set aside an entry of default for "good cause." Because the Default Judgment did not contain certification language in accordance with Rule 54(b), it was not a final judgment. Thus, Rule 60(b) is not implicated. *See* Fed. R. Civ. P. 55(c) (referencing Rule 60(b)) and Fed. R. Civ. P. 60(b) (court may relieve a party from a "final judgment" for enumerated reasons). *See also Stratford Holding, LLC v. Foot Locker Retail Inc.*, No. CIV–12–0772–HE, 2014 WL 3810577, at *1 (W.D. Okla. Aug. 1, 2014) (in analyzing a

motion to vacate a default judgment, the district court concluded that Rule 60 did not apply if a default judgment was not a final judgment) (unpublished) (citations omitted).

## II. Parties' Positions

### A. The United States' Position

The United States asserts that the defenses of all three Defendants are closely related and that Default Judgment against Prater is improper until the Court resolves the rights and liabilities of non-defaulting defendants that raise similar defenses. Motion to Vacate at 3. The United States contends that setting aside the Default Judgment will "avoid inconsistent judgments and prejudice to the non-defaulting defendants." *Id.* at 1.

### B. Plaintiffs' Position

Plaintiffs assert that the United States improperly seeks relief under Rule 54(b) instead of Rule 55. Response at 3, 6. Plaintiffs also argue that in accordance with Rule 55(c), a default judgment may be set aside only upon meeting the requirements of Rule 60(b) and that the United States has not demonstrated entitlement to relief under Rule 60(b). Plaintiffs further contend that the United States is not a party to the Default Judgment and that the Court should not allow the government to seek relief from a default judgment entered against a *different* defendant. *Id.* at 4.

## III. Analysis

The United States relies on *Wilcox v. Raintree Ins. of Am., Inc.*, 76 F.3d 394 (Table in Westlaw), 1996 WL 48857 (10th Cir. Feb. 2, 1996) (unpublished), *Frow v. De La Vega*, 82 U.S. 552, 544 (1872), and a number of district court opinions for the proposition that inconsistent judgments as to defaulting and non-defaulting defendants should be avoided. Motion to Vacate at 3–4.

*Wilcox* and other legal authority may support the United States' position that the Court, in its discretion, can deny a request for or vacate a default judgment under circumstances where there is an allegation of joint liability or where the defenses are closely related. However, the unpublished *Wilcox* decision is not binding precedent. Moreover, *Wilcox* did not result in the Tenth Circuit Court vacating a default judgment or denying a motion for default judgment. The *Wilcox* Court decided, in part, that "a notice of default (as opposed to a default judgment) against [a defaulting party] does not render the district court's *sua sponte* grant of summary judgment [in favor of the defaulting party] improper." *Wilcox*, 1996 WL 48857, at *2. The *Wilcox* Court further reasoned that where the defaulting defendant's defense was "identical" to that of the non-defaulting defendants who obtained summary judgment, it would be "nonsensical" to allow inconsistent judgments. Thus, in *Wilcox*, it was proper to grant summary judgment to all defendants, including the defaulting defendant.

The *Frow* rule, which forbids entry of a final judgment against one defendant while other defendants continue to contest liability in the district court, might also lend support to the United States' position that inconsistent judgments should be avoided. Reply at 4. However, although the Tenth Circuit Court has recognized and applied the *Frow* rule, *Wilcox*, 1996 WL 48857, at *2., that rule typically applies to cases involving allegations of joint liability. *See, e.g., Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147–48 (10th Cir. 1985) (finding the district court should not have entered a default judgment against one defendant where multiple defendants were alleged to be jointly and severally liable). In addition, at least one Circuit Court has found it "most unlikely" that the *Frow* rule survived the promulgation of Rule 54(b). *Int'l Controls Corp. v. Vesco,* 535 F.2d 742, 746 n.4 (2d Cir. 1976).

The Court finds *Wilcox* and *Frow* distinguishable and is not persuaded that either case requires the Court to vacate the Default Judgment entered against Prater. Plaintiffs have not asserted a claim of joint liability. Moreover, without more evidence or information from the United States, the Court is not persuaded that the United States' defenses are "closely related" to those of Prater. The United States admits that it has separate defenses from those of Prater. Motion to Vacate at 5.

Furthermore, the appropriate way to demonstrate that a default judgment should be vacated is by showing "good cause" in accordance with Rule 55(c). The United States did not even address the good cause requirement of Rule 55(c). In addition, the United States has not demonstrated that it has a basis for moving to vacate a default judgment that was entered against a different party. The Court is not convinced that good cause exists to grant the United States' Motion to Vacate.

Whether or not to enter default judgment against a defendant is a decision entrusted to the court's discretion. The Court properly exercised its discretion in entering Default Judgment against Prater under circumstances where Prater did not answer the Complaint, did not request an extension of time to respond to the Complaint, and did not enter an appearance even after Dismas' insurance carrier apparently retained counsel to represent him.

However, to reduce any risk of inconsistent judgments or damages awards, the Court will not conduct a damages hearing on the Default Judgment against Prater until the case progresses

further. Once the merits of Plaintiffs' claims against Defendants Dismas and the United States are decided, the Court will revisit the Default Judgment against Prater as necessary.[1]

IT IS ORDERED that the United States' MOTION TO VACATE DEFAULT JUDGMENT AGAINST DEFENDANT PRATER (Doc. No. 41) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In the Default Judgment against Prater, the Court did not separately address the 42 U.S.C. § 1983 claims and the intentional tort claims. Doc. No. 29. In its earlier Memorandum Opinion and Order granting in part and denying in part Defendant Dismas' Motion to Dismiss, the Court concluded that Plaintiffs did not allege any state action on the part of Dismas or its employees as required for purposes of a § 1983 claim. Doc. No. 24, at 6–9. Thus, the § 1983 claims against Dismas were dismissed. It will be necessary to revise the Default Judgment against Prater, after the damages hearing, to clarify that the Default Judgment is based only on the intentional tort claims.

9