IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLYNNE TILGA and
ADELLA ABEITA,

    Plaintiffs,

v.                                                                                             No. 14-cv-0256 JAP/SMV

UNITED STATES OF AMERICA;
DISMAS CHARITIES, INC.; and
WILL J. PRATER;

    Defendants.[1]


### ORDER GRANTING SECOND MOTION TO STAY OR LIMIT DISCOVERY

THIS MATTER is before the Court on Defendant United States of America's Second Motion to Stay or Limit Discovery [Doc. 68] ("Motion"), filed January 30, 2015.[2] Plaintiffs responded on February 15, 2015. [Doc. 70]. Defendant United States replied on February 19, 2015. [Doc. 71]. The Court heard oral argument on March 19, 2015. Clerk's Minutes, [Doc. 75]. Having considered the parties' submissions and relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion to Stay or Limit Discovery should be GRANTED; discovery will be LIMITED as more fully described herein.

In its Motion, Defendant United States moves to stay or limit discovery pending ruling on its Motion for Summary Judgment [Doc. 66]. In their Response, Plaintiffs request discovery of certain items in order to defend against the Motion for Summary Judgment. [Doc. 70] at 7.

---

[1] The Honorable James A. Parker, Senior United States District Judge, entered default judgment against Defendant Will J. Prater on July 24, 2014. [Doc. 29]. On September 22, 2014, Defendant United States moved to vacate the

[2] Defendant United States does not object to limited discovery regarding the basis for the United States' Motion for Summary Judgment and the declaration attached to the Motion for Summary Judgment. [Doc. 68] at 6.

Plaintiffs request discovery on the items listed in ¶¶ 1–13 of their Response. *Id.* at 8–10. The Court construes Plaintiffs' Response as a request for limited discovery under Fed. R. Civ. P. 56(d). The Court instructed counsel to meet and confer prior to the March 19, 2015 hearing to discuss the items in dispute. Counsel resolved their dispute for all of the items listed in Plaintiffs' Response—and have agreed to Plaintiffs' discovery of several items—except for those listed in the following paragraphs:

> 6. On Doc. 66-2 at 16, under "BOP inspections", the contract states "The contractor will receive feedback to inspections in the form of monitoring reports or direct correspondence. This feedback may assign deficiencies which the contractor will remedy." Therefore, the inspections result in either "monitoring reports or direct correspondence." Plaintiffs request all such monitoring reports and "direct correspondence" from BOP to Dismas.
>
> 8. Plaintiffs request copies of all interim monitoring reports that were done to follow up on the deficiencies that are noted in the two performance appraisals attached to the Motion for Summary Judgment (Interim monitoring is discussed it the contract on page Doc. 66-2 at 17).
>
> 9. All of the Contractor Evaluation Forms (CEF) referenced in number 6 on page doc. 66-2 at 17).
>
> 11. Copies of all training materials from "Contractor Training" that were done at a BOP facility, as referenced in the performance assessment report at Doc. 66-4 at pg. 4.
>
> 13. A copy of the original evaluation, as well as the contractor comments for the 9/1/2012 through 8/31/2013 assessment period (CPAR), as the one attached to the government's motion states that "This evaluation has been modified, please see the original evaluation to view the contractor comments." Doc. 66-5 at 5.

*Id.* at 9–10.

For the reasons stated on the record, the Court will deny Plaintiffs' request for discovery of the items listed in ¶¶ 6, 9, and 11.

The Court is inclined to deny Plaintiffs' request with respect to the items listed in ¶¶ 8 and 13. However, the Court has agreed to conduct an in camera review of those items prior to issuing a ruling. The Court will therefore defer ruling on discovery of the items listed in ¶¶ 8 and 13. Counsel for Defendant United States shall provide copies of the following to the Court by **12:00 p.m. on March 25, 2015**:

(1) One interim monitoring report, as described in ¶ 8.

(2) The reports listed in ¶ 13.

The Court will issue a ruling on discovery of the items listed in ¶¶ 8 and 13 after conducting an in camera review.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant United States' Second Motion to Stay or Limit Discovery [Doc. 68] is **GRANTED**. The Court denies discovery of the items listed in ¶¶ 6, 9, and 11 of Plaintiffs' Response [Doc. 70]. The Court defers ruling on discovery of the items listed in ¶¶ 8 and 13 of Plaintiffs' Response [Doc. 70].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**