# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CAROLYNNE TILGA and
ADELLA ABEITA,

      Plaintiffs,

v.                                           CIV No. 14-256 JAP/KBM

DISMAS CHARITIES, INC., d/b/a
DIERSEN CHARITIES ALBUQUERQUE,
and WILL J. PRATER, in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      Plaintiffs seek to amend their Complaint by adding claims of negligence, intentional and/or negligent infliction of emotional distress, and premises liability against Defendant Dismas Charities, Inc. (Dismas). AMENDED PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (Motion) (Doc. No. 90). Dismas does not address the proposed premises liability claim but argues that the claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotion distress are futile and fail as a matter of law. DEFENDANT DISMAS CHARITIES, INC. d/b/a DIERSEN CHARITIES ALBUQUERQUE'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (Response) (Doc. No. 97). Plaintiffs contend that the Court should allow amendment of the Complaint although Plaintiffs do not respond to Dismas' position that a claim of negligent infliction of emotional distress is futile. PLAINTIFFS' REPLY TO DEFENDANT DISMAS CHARITIES' RESPONSE TO PLAINTIFFS' FIRST MOTION TO AMEND COMPLAINT (Reply) (Doc. No. 101).

**Background**

Plaintiffs are former federal inmates, whom the United States Bureau of Prisons placed at the Dismas halfway house in Albuquerque, New Mexico to finalize their criminal sentences. COMPLAINT FOR DAMAGES FOR PERSONAL INJURY AND CIVIL RIGHTS VIOLATIONS PURSUANT TO THE FEDERAL TORT CLAIMS ACT (FTCA) AND 42 U.S.C. § 1983 (Complaint) (Doc. No. 1). This lawsuit arises from allegations that Defendant Will J. Prater (Prater), a former employee of Dismas, harassed and sexually abused Plaintiffs while Plaintiffs were at the Dismas halfway house in 2013. *Id.* ¶¶ 11, 34–62, 72–85. Plaintiffs contend that they suffered damages and injuries as a result of Prater's tortious conduct[1] and Dismas' negligence.[2] *Id.* ¶¶ 131, 140, 141, 146, 147–155.

Plaintiffs also asserted negligence claims against the United States. The Court allowed Plaintiffs limited discovery to respond to the United States' Motion for Summary Judgment but stayed all other discovery until resolution of the government's motion. (Doc. No. 76). In June 2015, the Court granted summary judgment in favor of the United States, dismissing the government as a defendant. (Doc. Nos. 83, 84). Discovery then commenced. The parties submitted a JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN (Doc. No. 88), which allowed Plaintiffs until August 3, 2015 to amend the pleadings.

---

[1] Prater has never entered an appearance in this lawsuit, and in July, 2014, the Court entered Default Judgment (Doc. No. 29) in favor of Plaintiffs against Prater. A hearing on damages has not yet been set. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 60) (denying the government's motion to vacate default judgment against Prater and electing to set a damages hearing after the merits of Plaintiffs' claims against Dismas and the United States are decided).

[2] The Court granted in part and denied in part Dismas' Motion to Dismiss (Doc. No. 24), with the result that Plaintiffs' claim of negligent hiring, retention, supervision, and training of Prater (Count VI) proceeded against Dismas.

**Motion to Amend**

On August 3, 2015, Plaintiffs moved to amend the Complaint to add three claims against Dismas: Negligence (Count II); "New Mexico Common Law Claim of Intentional and or [sic] Negligent Infliction of Emotional Distress" (Count III); and Premises Liability (Count IV). Proposed Amended Complaint (Doc. No. 90–1). Plaintiffs argue that the proposed amendments are timely and will not prejudice Dismas. Plaintiffs also contend that there have been "significant changes in the scope of the litigation that cause Plaintiffs to want to amend the complaint to add additional claims against Dismas." Motion at 1. In addition, Plaintiffs represent that the limited discovery they received in responding to the United States' Motion for Summary Judgment supplied grounds to add claims against Dismas. *Id.* at 2, 3.

Dismas argues that all of the proposed claims, except premises liability, are futile. Thus, Dismas asks the Court to deny Plaintiffs' Motion as to proposed Counts II and III.

**Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, it is within the district court's discretion to deny leave to amend if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotation and citations omitted). The question of whether the proposed amendment is futile "is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

**Discussion**

I.      <u>Negligence Claim</u> (Count II)

Plaintiffs allege that Dismas owed a duty to exercise ordinary care and that Dismas breached that duty in various ways, including by failing to provide a safe living environment for Plaintiffs. Proposed Amended Complaint ¶¶ 107–110.

Dismas argues that Plaintiffs base their proposed negligence claim "in whole or in part on Dismas 'not abiding by the standards in the (BOP) contract and contract modifications with the Bureau of Prisons.'" Response at 3. Dismas asserts that Plaintiffs are not named parties to the contract or contract modifications and that they can only maintain a negligence claim if they are third party beneficiaries of the contract, which they are not. *Id.* Thus, according to Dismas, a negligence claim based on the contract cannot survive Rule 12(b)(6) scrutiny and is futile.

Dismas does not raise an argument that the negligence claim is duplicative of the claim asserting Negligent Hiring, Retention, Supervision and Training of Will Prater (Count I). However, the negligent supervision claim, the proposed negligence claim, and the proposed premises liability claim may all allege the same thing, i.e., that Dismas was negligent in ensuring Plaintiffs' safety. For example, the negligent supervision claim, like the proposed negligence claim alleges that Dismas was negligent in not closely ensuring a safe and secure environment for Plaintiffs. Proposed Amended Complaint ¶ 105. The Court cautions that while a party may plead alternative theories of recovery, a party cannot recover duplicate damages for the same wrong. *Randall v. Loftsgaarden*, 478 U.S. 647, 652 (1986) (while different counts can support liability, plaintiffs are only entitled to a single recovery).

Although the proposed negligence claim alleges a breach by Dismas for "not abiding by the standards in the contract and contract modifications with the Bureau of Prisons," Plaintiffs also contend that Dismas breached a duty by failing to provide them with safe housing and by failing to ensure that male employees did not enter female housing unaccompanied. Proposed Amended Complaint ¶ 109. The Court concludes that Plaintiffs' proposed negligence claim does not arise solely from the contract between Dismas and the Bureau of Prisons, but instead, rests on common-law negligence principles.

The Court is not convinced that the proposed negligence claim, as alleged, fails to state a claim or that it is futile. Therefore, the Court exercises its discretion to grant Plaintiffs' request for leave to add the claim of negligence (Count II) against Dismas.

II.      <u>Negligent and/or Intentional Infliction of Emotional Distress Claim</u> (Count III)

Plaintiffs allege that Dismas followed a policy and practice of intentionally and/or negligently inflicting emotional distress on Plaintiffs and that Dismas' conduct was extreme and outrageous under the circumstances. Proposed Amended Complaint ¶¶ 111–114.

A.   *Negligent Infliction of Emotional Distress*

Dismas argues that the tort of negligent infliction of emotional is narrowly construed under New Mexico law, and is "limited to situations in which a bystander ... suffers severe emotional shock as a result of witnessing a sudden, traumatic event that causes serious injury or death to a family member." Response at 2 (citing *Castillo v. City of Las Vegas*, 145 N.M. 205, 195 P.3d 870, 876 (2008)). Plaintiffs do not respond to Dismas' position that Plaintiffs have not stated a claim for negligent infliction of emotional distress. *See* Reply.

The Court concludes that the claim of negligent infliction of emotional distress, as alleged, would not survive Rule 12(b)(6) scrutiny and is futile. Therefore, the Court exercises its discretion to deny leave to add a claim of negligent infliction of emotional distress.

            B.  *Intentional Infliction of Emotional Distress*

Dismas contends that a claim of intentional infliction of emotional distress is futile because the standard of "outrageous and extreme" conduct must be applied to the acts of Dismas, which according to Dismas, could not be considered sufficiently outrageous to go beyond all possible bounds of decency. Response at 2. Dismas argues that Plaintiffs challenge nothing more than Dismas' alleged 1) inadequate facility layout, 2) poor policies and guidelines, 3) failure to keep secure Plaintiff Tilga's pre-sentence report, 4) failure to note "Mr. Prater's inappropriate conduct and fail[ure] to report Mr. Prater to the police[,]" and, 5) failure to terminate Prater's employment while knowing about his assaults of Plaintiffs. *Id*. at 2–3. In addition, Dismas asserts that Plaintiffs did not sufficiently allege severe emotional distress in support of intentional infliction of emotional distress. *Id.* at 3.

Assuming the truth of Plaintiffs' allegations that Dismas was aware of unlawful conduct by Prater and that it failed to report his assaults of residents to the police, the Court cannot say that the intentional infliction of emotional distress claim against Dismas is clearly futile. Moreover, Plaintiffs have sufficiently alleged that they experienced severe emotional distress. Proposed Amended Complaint ¶ 113. Therefore, the Court exercises its discretion to grant Plaintiffs' request for leave to add the claim of intentional infliction of emotional distress (Count III) against Dismas. Because Plaintiffs' proposed Amended Complaint includes allegations of negligent infliction of emotional distress with those of intentional infliction of emotional distress,

Plaintiffs should file a revised Amended Complaint containing only the intentional infliction of emotional distress claim under Count III.

        C.  <u>Premises Liability Claim</u> (Count IV)

        Plaintiffs allege that Dismas, as the owner of the halfway house, owed Plaintiffs a duty to use ordinary care to ensure the safety of the premises and owed Plaintiffs a duty to prevent dangerous or unsafe conditions. Plaintiffs contend that Dismas breached its duties by allowing unsafe conditions at the halfway house. Proposed Amended Complaint ¶¶ 115–119.  Dismas makes no argument opposing the proposed amendment to add a premises liability claim.  Instead, Dismas asks that the Court deny the Motion only as to proposed Counts II and III. Reply at 4.

        Plaintiffs' premises liability claim sounds like another theory of negligence but because Dismas does not oppose the amendment, the Court will allow the claim to proceed. Therefore, the Court exercises its discretion to grant Plaintiffs' request for leave to add the claim of premises liability (Count IV) against Dismas.

        IT IS THEREFORE ORDERED that Dismas' AMENDED PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. No. 90) is GRANTED in part and DENIED in part, with the result that Plaintiffs are allowed to add the claims of Negligence (Count II), Intentional Infliction of Emotional Distress (Count III), and Premises Liability (Count IV), but are not permitted to amend the Complaint to add a claim of Negligent Infliction of Emotional Distress. Plaintiffs' Amended Complaint must be filed by October 2, 2015.

_James A. Parker_

                                _____
      SENIOR UNITED STATES DISTRICT JUDGE